UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION

IN RE:

TIMOTHY L. SMOLENSKI                                      CASE NO. 08-30572

DEBTOR

GENERAL SHALE BRICK, INC. dba                             PLAINTIFF
MODERN CONCRETE

v.                                                        ADV. NO. 08-3016

TIMOTHY L. SMOLENSKI                                      DEFENDANT

**MEMORANDUM OPINION**

    This matter having come before the Court on Plaintiff's Motion for Default Judgment on Nondischargeability Claim (DOC 8), and a hearing having been held on February 25, 2009, and the Court having taken the matter under submission, the Court issues this Memorandum Opinion.

    This matter is submitted to the Court on the issue of whether Plaintiff has met its burden of proof by a preponderance of the evidence in establishing a debt to be nondischargeable pursuant to 11 U.S.C. § 523(a)(2), 11 U.S.C. § 523(a)(4), and 11 U.S.C. § 523(a)(6). Proof is required for each requisite element when the plaintiff is objecting to a discharge and/or claiming that a particular debt is nondischargeable. *See* <u>Grogan v. Garner</u>, 498 U.S. 279 (1991) and <u>In re Johnny Mac Roberts</u>, 193 B.R. 828 (Bankr. W.D. Mich. 1996).

    <u>FINDINGS OF FACT</u>

    Plaintiff furnished to Defendant building materials for use in his business as a contractor on a residential construction project. As of the date of the petition, Defendant owed Plaintiff $13,852.95 for

those materials. Defendant was obligated to utilize proceeds he received from owners of real property to pay for the materials; however, he failed to do so. Plaintiff argues that Plaintiff's failure to do so constitutes fraud, fraud while acting as a fiduciary, and a willful and malicious injury. Defendant testified that his intent was always to pay for the building materials.

CONCLUSIONS OF LAW

This Court has jurisdiction under 28 U.S.C. § 1334 in that it arises under Title 11 U.S.C. This is a core proceeding under 28 U.S.C. § 157. Venue is proper pursuant to 28 U.S.C. § 1409.

11 U.S.C. § 523(a)(2) excepts from discharge any debt obtained by fraud. A creditor must prove: (1) Debtor obtained money through material misrepresentation that, at the time, Debtor knew was false or made with gross recklessness as to its truth; (2) Debtor intended to deceive the creditor; (3) creditor justifiably relied on false representation; and (4) reliance was proximate cause of loss. *See* In re Rembert, 141 F.3d. 277 (6th Cir. 1998). Here, Plaintiff offers no proof of the element of intent. The only evidence presented to the Court on the issue of intent is the testimony of the Defendant who testified that his intent was always to pay for the building materials. The Court finds the Defendant's testimony credible. Thus creditor has not met its burden of proof on the element of intent in establishing fraud.

11 U.S.C. § 523(a)(4) excepts from discharge any debt obtained by fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. Establishment of a prima facie cause of fraud or defalcation under 523(a)(4) requires: (1) a fiduciary relationship; (2) breach of that fiduciary relationship; and (3) a

resulting loss. *See* In re Garver, 116 F.3d 176 (6th Cir. 1997). Here, there is no evidence before the Court that there was a fiduciary relationship. Thus creditor has not met its burden of proof on the element of a fiduciary relationship in establishing fraud or defalcation while acting in a fiduciary relationship, and there is no evidence of either embezzlement or larceny.

11 U.S.C. § 523(a)(6) excepts from discharge any debt for willful and malicious injury. Debts arising out of these types of misconduct satisfy the willful and malicious injury standard for the discharge exception for willful and malicious injury: intentional infliction of emotional distress, malicious prosecution, conversion, assault, false arrest, intentional libel, and deliberately vandalizing the creditor's premises. *See* In re Best, 109 Fed. Appx. 1 (6th Cir. 2004). Here, there is no evidence of any of that type of misconduct. Thus creditor has not met its burden of proof in establishing a willful and malicious injury.

This Memorandum Opinion constitutes the Court's Findings of Fact and Conclusions of Law. A separate order OVERRULING Plaintiff's Motion for Default Judgment on Nondischargeability and DISMISSING the adversary proceeding will be issued.

COPIES TO:

David B. Blandford, Esq.
Debtor

---



**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**

**Signed By:**
*Joseph M. Scott*
**Bankruptcy Judge**
**Dated: Thursday, February 26, 2009**
**(jms)**